FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 2 2 2003

*Robert M. March*
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

PETER ESPINOSA,

      Plaintiff,

v.                                                          No. CIV-02-1105 LH/RHS

ROBERT J. PERRY, et al.,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

    This matter is before the Court on two motions to dismiss Plaintiff's complaint under

Fed.R.Civ.P. 12(b)(6). One motion (Doc. #7) was filed by Defendants Perry, Serna, Shanks, Tafoya,

Bustos, and LeMaster (the "State Defendants") and the other (Doc. #13) by Defendants Wackenhut

Corrections Corporation, Mondragon, and Lucero (the "Wackenhut Defendants"). Plaintiff, a former

New Mexico state prisoner, has not responded to the motions. *Cf. Reed v. Bennett*, 312 F.3d 1190,

1195 (10th Cir. 2002) (". . . a party's failure to file a response . . . is not, by itself, a sufficient basis

on which to enter judgment against the party."). For the reasons below, Defendants' motions will be

granted in part and denied in part.

    The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-

security Wallens Ridge State Prison in Virginia and subsequent return to New Mexico, following a

disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New

Mexico. In Count 1 Plaintiff alleges he was transferred even though he did not participate in the

disturbance, was given no prior notice or explanation for the transfer, was improperly placed in



maximum security segregation, and was subjected to excessive force. He claims these actions violated

his federal and state constitutional rights of due process. Count 2 claims the harsh conditions during

and after transfer violated federal and state constitutional protections against cruel and unusual

punishment. In Count 3 Plaintiff alleges he was repeatedly subjected to strip searches and other body

searches, and he was harshly restrained, in violation of federal and state protections against

unreasonable search and seizure. Count 4 claims that Plaintiff's transfer and related conditions of his

confinement violated a statute relating to private prisons and an Interstate Compact. Count 5 asserts

claims for reckless endangerment and defamation, and Count 6 claims that Defendants' conduct was

wanton, deliberate and malicious, entitling Plaintiff to punitive damages. Defendants are sued in their

individual, "corporate," and official capacities. The complaint seeks damages.

Defendants' motions to dismiss are nearly identical except for certain immunity defenses. All

Defendants contend that Plaintiff's allegations fail to state claims upon which relief can be granted and

that Defendants are immune to his state law claims. The State Defendants assert qualified immunity

to Plaintiff's federal claims. Defendants also argue that under 28 U.S.C. § 1367(c) the Court should

not exercise jurisdiction of Plaintiff's state constitutional claims.

### I.  Federal Claims

The Wackenhut Defendants argue that Plaintiff's allegations fail to state claims under 42

U.S.C. § 1983. "A district court should not dismiss a complaint pursuant to Rule 12(b)(6) unless it

appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would

entitle him to relief. 'A court reviewing the sufficiency of a complaint presumes all of plaintiff's

factual allegations are true and construes them in the light most favorable to the plaintiff.' " *Riddle v.*

*Mondragon*, 83 F.3d 1197, 1201-02 (10th Cir. 1996) (internal citations omitted).  Plaintiff's allegations against the Wackenhut Defendants are reviewed under these standards.

The State Defendants seek dismissal of Plaintiff's federal claims on the basis of qualified immunity.  "In civil rights actions seeking damages from governmental officials, 'those officials may raise the affirmative defense of qualified immunity, which protects "all but the plainly incompetent or those who knowingly violate the law." ' " *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001) (citations omitted).  "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.' " *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  To resolve a claim of qualified immunity, the Court must first determine whether the "facts alleged show the officer's conduct violated a constitutional right," *Holland*, 268 F.3d at 1185, and, if so, " 'whether the right was clearly established' at the time of the defendant's unlawful conduct," *id.* at 1186 (citations omitted).  "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity." *Id.*  "[I]n light of the specific context of the case . . . . [t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *quoted in Holland*, 268 F.3d at 1186.  These standards inform the analysis of the State Defendants' motion.

Defendants correctly argue that Plaintiff's allegations regarding his placement, transfer, and administrative segregation fail to state a claim for violation of his due process rights.  As a matter of procedural due process, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992).  Absent some prohibited reason for the transfer, such as discrimination or

3

retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, the complaint does not support a substantive due process claim. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (no substantive violation where solitary conditions "mirrored those conditions . . . in administrative segregation"). Defendants' motions will be granted as to Count 1 of the complaint.

Defendants argue that Plaintiff's allegations of mistreatment do not support Eighth Amendment claims for cruel or unusual punishment. Plaintiff raises Eighth Amendment claims in Counts 2 and 5 of the complaint. Upon review of Plaintiff's allegations, it is clear that the conduct of Defendants alleged in Count 2 did not amount to Eighth Amendment violations. Except for the transfers and high-classification placement when Plaintiff was returned to New Mexico, the alleged abuses occurred while Plaintiff was confined in Virginia. On the other hand, Count 5 alleges that Plaintiff was labeled as a "snitch." "In this circuit, 'labeling an inmate a snitch . . . constitutes deliberate indifference to the safety of that inmate.' *Mackey v. Lyons*, No. 02-1063, 2002 WL 31745049, at **3 (10th Cir. Dec. 9, 2002) (citations omitted); *but cf. Goree v. Wackenhut*, No. 00-1227 LH/WWD, mem. op. and order (D.N.M. Apr. 11, 2002) (dismissing similar claim for lack of evidence). Plaintiff's Eighth Amendment right not to be placed in danger was clearly established in 1999, *Northington v. Marin*, 102 F.3d 1564, 1567-68 (10th Cir. 1996), and the State Defendants are not qualifiedly immune to this claim. Defendants' motions will be granted as to Count 2 and denied as to Count 5.

Defendants contend that Plaintiff's allegations do not state a claim under the Fourth Amendment. Although "prisoners do retain a limited constitutional right to bodily privacy," *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), "[c]ourts must give great deference to the decisions

4

of prison officials . . . [that are] 'reasonably related to legitimate penological interests,' " *id.* at 70 F.3d at 1146 (quoting *Turner v. Safley*, 482 U.S. 78, 85-86, 89 (1987). Here, although Plaintiff denies participation in the New Mexico disturbance, the transfer of inmates was for security reasons, and Plaintiff makes no allegation that the searches were, e.g., retaliatory or violative of religious beliefs. *Cf. Farmer v. Perrill*, 288 F.3d 1254 (10th Cir. 2002) (strip searches in open view of other inmates). Defendants' motions will be granted as to the federal claims in Count 3 of the complaint.

Defendants seek dismissal of Plaintiff's conspiracy claims under 42 U.S.C. §§ 1983, 1985, and 1986. Under § 1983, Plaintiff's only remaining substantive claim is for being labeled as a "snitch," and Plaintiff makes no allegation "specifically present[ing] facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Nor do Plaintiff's allegations implicate the provisions of § 1985 or § 1986. " '[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under §1985.' " *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (citation omitted). Furthermore, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Defendants' motions will be granted as to Plaintiff's conspiracy claims.

## II.  State Claims

Defendants seek dismissal of Plaintiff's claims in Counts 1, 2, 3, and 5 for violations of state constitutional protections. The New Mexico Defendants are immune to such claims under the New Mexico Tort Claims Act (the "Act"), N.M. Stat. Ann. §§ 41-4-4 through -29 (Michie Repl. Pamp.1996 and Cum. Supp. 2002), which provides, with certain enumerated exceptions, immunity to tort liability

5

for state entities and employees. *See* §§ 41-4-4 through -12. This immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named State Defendants or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the secretary of corrections and prison wardens are not law enforcement officers for purposes of the Act. *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds, Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the named New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiff are not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). The State Defendants' motion to dismiss state constitutional claims in Counts 1, 2, 3, and 5 will be granted.

The Wackenhut Defendants also claim immunity, under the Act and common law doctrines, to Plaintiff's state constitutional claims. The Act's immunity protections are not available to these private Defendants because, as noted above, the Act provides immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. The first question, then, is whether Plaintiff's allegations support claims under the state constitution, assuming a private right of action is available. Plaintiff specifically invokes state constitutional protections of due process and search and seizure, and against cruel and unusual punishment. Under the analysis of federal claims above, the allegations of violations of state due process and search and seizure protections do not a claims for relief. *Cf. In re Shon Daniel K.*, 959 P.2d 553, 556 (N.M. Ct. App. 1998) (in search-warrant case, "The protections accorded under Article II, Section 10 of the New Mexico Constitution against unreasonable searches and seizures are

6

more extensive than those provided under the Fourth Amendment to the United States Constitution."). As correctly argued by Defendants, Plaintiff's vague references to N.M. Const. art. II, § 4 do not support a claim for relief.  Except for the claim of cruel and unusual punishment under N.M. Const. art. II, § 13, Plaintiff's state constitutional claims will be dismissed.

Count 4 claims that Plaintiff's transfer and related conditions of his confinement violated a statute relating to private prisons, N.M. Stat. Ann.§ 33-1-17 (Michie Repl. Pamp. 1998), and an "Interstate Compact," N.M. Stat. Ann. § 31-5-17 (Michie Repl. Pamp. 2000).  Under the factors in *Cort v. Ash*, 422 U.S. 66, 78 (1975), and *National Trust for Historic Pres. v. City of Albuquerque*, 874 P.2d 798 (N.M. Ct. App. 1994), Plaintiff does not have standing to bring a claim under § 33-1-17, which allows for contracts with private correctional entities. Furthermore, according to *Clark v. New Mexico Dep't of Corr.*, No. 02-2042, 2003 WL 133458, at **2 (10th Cir. Jan 17, 2003), Plaintiff's claim under the Interstate Corrections Compact, § 31-5-17, may only be brought against state officials in state court. These claims will be dismissed.

Defendants seek dismissal of Plaintiff's claim of intentional infliction of emotional distress. This relief will be granted to State Defendants because they are immune to this claim. *Garcia-Montoya v. State Treasurer's Office*, 16 P.3d 1084, 1102 (N.M. 2001), but denied as to the Wackenhut Defendants.  Plaintiff's claims against the State Defendants for punitive damages under the New Mexico Tort Claims Act are precluded in the statute and will be dismissed.  § 41-4-19(B); *Folz v. State*, 797 P.2d 246, 257 (N.M. 1990). And finally, no relief is available on Plaintiff's claims against the state Defendants in their official capacities.  These parties are not " 'persons' within the reach of § 1983.  In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, No. 01-1415, 2002

7

WL 188962, at **1 (10th Cir. Feb. 7, 2002) (citations omitted).  These claims will be dismissed.

**IT IS THEREFORE ORDERED AS FOLLOWS**:

- the motion to dismiss (Doc. #7) filed by Defendants Perry, Serna, Shanks, Tafoya, Bustos, and LeMaster (Doc. #7) is GRANTED in part and DENIED in part;

- Plaintiff's claims under the Interstate Corrections Compact are DISMISSED without prejudice;

- otherwise, with the exception of the claims for defamation and violation of the Eighth Amendment in Count 5, Plaintiff's claims against Defendants Perry, Serna, Shanks, Tafoya, Bustos, and LeMaster are DISMISSED with prejudice;

- Plaintiff's claims for punitive damages against Defendants Perry, Serna, Shanks, Tafoya, Bustos, and LeMaster are DISMISSED with prejudice;

- Plaintiff's claims against Defendants Perry, Serna, Shanks, Tafoya, Bustos, and LeMaster in their official capacities are DISMISSED with prejudice;

- the motion to dismiss (Doc. #13) filed by Defendants Wackenhut Corrections Corporation, Mondragon, and Lucero is GRANTED in part and DENIED in part;

- with the exception of the claims in Count 5 for defamation and violation of the Eighth Amendment and N.M. Const. art. II, § 13, and the claim in Count 6 for intentional infliction of emotional distress, Plaintiff's claims against Defendants Wackenhut Corrections Corporation, Mondragon, and Lucero are DISMISSED with prejudice; and

- the stay of discovery entered April 3, 2003, is LIFTED.

UNITED STATES DISTRICT JUDGE

8